The Honorable John C. Coughenour

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

CARROLL KIRBY,

                                Plaintiff,                    Case No. C09-0713-JCC

        v.

HOUSING AUTHORITY OF EVERETT;            ORDER
LORNA S. CORRIGAN and "JOHN
DOE" CORRIGAN, wife and husband;
NEWTON AND KIGHT, LLP, Attorneys
at Law, a Washington Professional Limited
Liability Partnership, BUD ALKIRE and
"JANE DOE" ALKIRE, husband and wife,

                                Defendants.

        This matter comes before the Court on Housing Authority of Everett and Bud and Jan Doe

Alkires' motion for summary judgment (Dkt. No. 20), Plaintiff's response (Dkt. No. 29), and

Defendants' reply (Dkt. No. 31). Having considered the parties' briefing and the relevant record, the

Court finds no genuine issue of material fact and hereby GRANTS Defendants' motion, for the

reasons explained herein.

ORDER — 1
C09-0713-JCC

# I. BACKGROUND

Unless otherwise indicated, the following facts are undisputed or are taken in the light most favorable to Plaintiff, the nonmoving party:

Plaintiff leased a residential property owned by the Housing Authority of Everett ("EVHA"). (Defs'. Mot. (Dkt. No. 20 at 2).) Defendant Bud Alkire is the Director of EVHA.[1] (Decl. (Dkt. No. 21 at 1).) The rental property was unsubsidized and Plaintiff did not receive benefits under the Housing Choice Voucher Program at any time relevant to this matter. (Defs'. Mot. (Dkt. No. 20 at 2).)

On May 7, 2008, after Plaintiff had fallen behind on rent payments, Defendants hired attorney Lorna Corrigan[2] to serve notice on Plaintiff demanding that he pay the delinquent rent or vacate the property within three days. (Defs'. Mot. (Dkt. No. 20 at 2).) After giving Plaintiff the notice, Defendants initiated a summons and complaint for unlawful detainer in state court. (State Ct. Compl., 5 (Dkt. No. 22 at 62).) Plaintiff requested dismissal of the action on the grounds that he had been served with a form that did not meet Washington statutory requirements. (Compl. (Dkt. No. 1 at 7)); WASH. REV. CODE § 59.18.365. Specifically, he alleged that the summons was out of date and did not inform Plaintiff that he had the right to respond to the complaint via facsimile or mail. (Compl. (Dkt. No. 1 at 7).) Plaintiff brought the error to Ms. Corrigan's attention, who acknowledged that a mistake had been made. Defendants agreed to voluntarily dismiss the action. (*Id.*)

Following the dismissal of the state court action, Plaintiff filed this action in federal court, seeking damages and remedies from Defendants EVHA and Alkire pursuant to 42 U.S.C. § 1983. Plaintiff claims that the use of the improper summons violates: (1) the federal Civil

---

[1] His anonymous wife is also a Defendant.

[2] Ms. Corrigan is also a Defendant in this case, but did not join the current motion for summary judgment.

ORDER — 2
C09-0713-JCC

Rights Act, 42 U.S.C. § 1983; (2) the federal Fair Debt Collection Practices Act ("FDCPA") ; and (3) the Washington Consumer Protection Act ("WCPA") WASH. REV. CODE § 19.86. (Compl. ¶6.6 (Dkt. No. 1 at 11–17).) In his Response, Plaintiff adds a claim concerning quiet enjoyment of one's home. (Dkt. No. 29 at 3.)

Defendants now move for summary judgment on the 42 U.S.C. § 1983 and WCPA claims. Specifically, Defendants allege that: (i) they did not violate any of Plaintiff's Constitutional or statutory rights; (ii) Plaintiff failed to comply with the notice requirements for the WCPA claim; and (iii) Defendant Alkire is entitled to qualified immunity. Because the Court concludes that Plaintiff's rights were not violated, the Court declines to address Plaintiff's state law claims for lack of subject matter jurisdiction and Defendants' qualified immunity defense because it is moot.

## II.    SUMMARY JUDGMENT STANDARD

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the [moving party] is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *In re Caneva*, 550 F.3d 755, 761 (9th Cir. 2008) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The Court views the evidence in the light most favorable to the non-moving party. *Id.*

A defendant moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To defend against the motion, the plaintiff must then go "beyond the pleadings"

ORDER — 3
C09-0713-JCC

and demonstrate "'specific facts [in the record] showing that there is a genuine issue for trial.'"

*Id.* at 24 (*quoting* FED. R. CIV. P. 56(e)(2)).

**III.    DISCUSSION**

    **A.  Section 1983 Claims**

    To state a claim under 42 U.S.C. § 1983, Plaintiff must show that he has suffered a violation of federal constitutional or statutory rights, and that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Plaintiff alleges that the improper summons deprived him of his Section 8 subsidized housing rights and his Due Process rights. Neither Plaintiff's Section 8 claim nor his Due Process claim amount to even the barest showing that a federal right was violated.[3]

    Plaintiff's claim that he was deprived of his Section 8 Housing benefits by Defendants' improper summons is woefully unsupported. Plaintiff has never shown that he received Section 8 benefits to begin with, let alone that he was deprived of them by Defendants' improper summons.[4] Plaintiff failed to rebut that allegation in his Response, and the Court takes it to be conceded. No reasonable juror could find that Defendants' defective summons deprived Plaintiff of something to which he was not entitled. *See Anderson*, 477 U.S. at 248–50.

    Plaintiff's Due Process claims are equally threadbare. The Constitution prohibits a state from depriving an individual of life, liberty, or property without due process of law. U.S. CONST. amend. XIV, § 1. Plaintiff claims that his procedural due process rights were violated when

---

[3] Plaintiff's utterly fantastical claim, asserted for the first time in his Response, that there exists a constitutional right to quiet enjoyment of one's home that could be violated by service of a summons is both unsupported and meritless.

[4] This program, often referred to as "Section 8," is one of several federal assisted housing programs originating from the United States Housing Act of 1937. 42 U.S.C. § 1437(8)(o) (2008).

ORDER — 4
C09-0713-JCC

1  Defendants did not follow statutory procedures for initiating the original unlawful detainer

2  action. But Plaintiff has failed to allege that he was deprived of any protected interest

3  whatsoever. Without some showing that a protected interest is implicated, Plaintiff has created

4  no genuine issue of material fact by which a reasonable jury could find in his favor. *See*

5  *Anderson*, 477 U.S. at 248–50.

6      Accordingly, Plaintiff's constitutional claims against Defendants EVHA, Bud Alkire, and

7  Jane Doe Alkire are DISMISSED.

8      **B.  Fair Debt Collection Practices Act Claim**

9      In Plaintiff's Response, he concedes that he "did not intend to allege the FDCPA's

10  application to these defendants." (Dkt. No. 29 at 1.) Accordingly, Plaintiff's FDCPA claims

11  against Defendants EVHA, Bud Alkire, and Jane Doe Alkire are DISMISSED.

12      **C.  Washington Consumer Protection Act Claims**

13      Finally, Plaintiff brings a claim against Defendants under the Washington State

14  Consumer Protection Act ("WCPA"). WASH. REV. CODE § 19.86. Non-diversity state claims do

15  not come under the Court's original jurisdiction. The only possible basis in which the Court could

16  exercise jurisdiction over Plaintiff's WCPA claims would be under federal supplemental

17  jurisdiction pursuant to 28 U.S.C. § 1367. Under § 1367(c)(3), a district court may decline to

18  exercise supplemental jurisdiction over claims if it has dismissed all claims over which it has

19  original jurisdiction. Here, because all federal claims against Defendants EVHA, Bud Alkire, and

20  Jane Doe Alkire have been dismissed as a matter of law, the Court declines to exercise

21  supplemental jurisdiction over Plaintiffs' remaining state claim. Accordingly, Plaintiffs' WCPA

22  claim against Defendants EVHA, Bud Alkire, and Jane Doe Alkire is DISMISSED without

23  prejudice for lack of jurisdiction.

24

25

ORDER — 5
C09-0713-JCC

## IV.  CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment (Dkt. No. 20) is hereby GRANTED. All Claims against Defendants Housing Authority of Everett, Bud Alkire, and Jane Doe Alkire are DISMISSED.

DATED this 5th day of January, 2010.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER — 6
C09-0713-JCC